# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEO BEATRICE,<br><br>                        Petitioner,<br>  vs.<br><br>ROBIN BAKER, Field Director, S.D. Field Office, Immigration and Customs Enforcement; et al.,<br><br>                        Respondents. | CASE NO. 08cv1340 JM(CAB)<br><br>ORDER DENYING MOTION TO STAY REMOVAL; DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION; GRANTING 20 DAY HUMANITARIAN STAY |

      Petitioner Matteo Beatrice brings this habeas action pursuant to 28 U.S.C. §2241 to enjoin Respondents from effectuating his expedited removal in order to permit him the opportunity to adjust his immigration status. Respondents oppose the Petition. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to stay removal and dismisses the Petition for lack of subject matter jurisdiction. However, the court grants Petitioner a 20 day humanitarian stay in order to permit him the opportunity to obtain an stipulation and order permitting him to take his child with him to Italy.

## BACKGROUND

      Petitioner, a native and citizen of Italy, entered the United States for a second time on June 20, 2006 under the Visa Waiver Program ("VWP"). On July 12, 2006 Petitioner married a United States citizen, Tracy Lee Bennet, (Petition ¶2), and on June 18, 2007 the couple had a United States citizen

1  son named Charlito Michael Beatrice.

2  Shortly after the marriage, Petitioner discovered that his wife was a drug abuser. (Petition ¶4).
3  "As a result, they fought a lot and most fights involved Ms. Bennett being physically abusive towards
4  Mr. Beatrice." Id.

5  On March 23, 2008 Petitioner sought and received a restraining order against Ms. Bennett.
6  (Petition ¶5). The state court awarded physical and legal custody to Petitioner. Petitioner was also
7  ordered not to move the child out of San Diego County without notice to Ms. Bennett or further court
8  order. Id.

9  On July 10, 2008 Petitioner filed a Violence Against Women Act ("VAWA") petition, seeking
10 to adjust status to that of a legal permanent resident of the Untied States. On the same day, Petitioner
11 was taken into custody of the Immigration and Customs Enforcement ("ICE"). On July 17, 2008
12 Petitioner, through counsel, requested a motion for bond determination. (Petition ¶15). On July 23,
13 2008 ICE informed Petitioner's counsel that Petitioner did "not have a right to a bond hearing because
14 he is subject to expedited removal and will be sent back to Italy before the end of the month."
15 (Petition ¶10).

16 Petitioner alleges that he sought relief from detention in order to (1) have his VAWA Petition
17 adjudicated and (2) arrange appropriate care for his one-year son "who could end up in foster care if
18 he is removed from this country summarily." (Petition ¶12). Petitioner has been unable to secure his
19 release from detention and moves to (1) have Respondents adjudicate his adjustment of status request
20 and (2) enjoin Respondents from effectuating his removal. Respondents oppose the Petition and
21 Petitioner's efforts to stay his removal from the country.

22 **DISCUSSION**
23 **Legal Standards for a Stay**

24 Stay requests are analyzed under the same standards employed to evaluate motions for
25 preliminary injunctions. Abassi v. I.N.S., 143 F.3d 513, 514 (9th Cir. 1988). Preliminary injunctive
26 relief is available if the party meets one of two tests: (1) a combination of probable success and the
27 possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship
28 tips in its favor. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These

1 two formulations represent two points on a sliding scale in which the required degree of irreparable

2 harm increases as the probability of success decreases." Id. Under both formulations, however, the

3 party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable

4 injury." Id.

5 **The Motion for a Stay**

6 In order to prevail on the merits of Petitioner's claim, he must make a prima facie showing that

7 he has the statutory right to seek adjustment of status. Visitors admitted under the VWP program may

8 enter the United States without obtaining a visa for a period of up to 90 days. 8 U.S.C. §1187(a)(1).

9 As a condition of entering the United States without a visa under VWP, the individual agrees to waive

10 any right to review of "an immigration officer's determination as to the admissibility of the alien" or

11 "to contest . . . any action for removal of the alien." 8 U.S.C. §1187(b). Visitors admitted under this

12 program are ineligible for adjustment of status, except on the basis of an application for asylum. 8

13 U.S.C. §1187(b). A VWP entrant may also obtain adjustment of status through either an immediate

14 relative petition, 8 U.S.C. 1255(c)(4), or a self-petition under VAWA. 8 C.F.R. §1245.1(b)(8). As

15 explained by the Ninth Circuit, the no contest clause is "the linchpin of the [VWP], which assures that

16 a person who comes here with a VWP visa will leave on time and will not raise a host of legal and

17 factual claims to impede removal if he overstays." Momeni v. Chertoff, 521 F.3d 1094, 1096 (9th Cir.

18 2008). Consequently, any claim for adjustment of status must be made within the 90 period of time.

19 Id. In Momeni, a German citizen entered the United States on November 30, 2005 as a tourist under

20 the VWP. The petitioner did not leave the country within the 90 day period. On April 11, 2006 he

21 married a United States citizen and subsequently filed a petition to adjust status based upon his

22 marriage to a United States citizen. The Ninth Circuit concluded that the petitioner's failure to timely

23 seek adjustment of status within the 90 day period of VWP prevented him from seeking to adjust his

24 immigration status.

25 In Freeman v. Gonzales, 444 F.3d 1031, (9th Cir. 2006) a dual citizen of South Africa and Italy

26 met an American citizen while temporarily working in the United states. The couple married in

27 February 2001. Shortly thereafter Mrs. Freeman traveled to South Africa and returned to the United

28 States in June 2001 under the VWP. In September 2001, prior to expiration of the 90 day period, Mr.

1  Freeman filed a petition for immediate relative and Mrs. Freeman filed an application to adjust status
2  based upon her marriage to a United States citizen. While the application was pending, Mr. Freeman
3  died in a car accident shortly before their first wedding anniversary.

4  The Department of Homeland Security ("DHS") ultimately reviewed the application in May
5  2004. The district director concluded that Mrs. Freeman, now a widow, did not qualify as a spouse
6  because they had not been married the requisite two years. The director also concluded that, as a
7  VWP entrant, Mrs. Freeman was subject to "the no-contest clause, waived any right to renew her
8  adjustment of status application or obtain review of [the] decision by an immigration judge." Id. at
9  1033. Mrs. Freeman was ordered removed from the country because her VWP authorization had
10 expired.

11 The Ninth Circuit reversed, finding that Mrs. Freeman fell within the class of non-immigrants
12 under VWP who are afforded procedural benefits, including the right to seek to adjust status under
13 8 U.S.C. §1255. Id. at 1037. Mrs. Freeman timely sought adjust her status during the 90 day period
14 of time afforded under the VWP. The Ninth Circuit concluded that Mrs. Freeman "rights to review
15 of her application - including review of the DHS director's determination of her status as a spouse -
16 were not subject to the Visa Waiver Program's no-contest clause." Id.

17 Here, Petitioner entered the United States under VWP for a second time on June 20, 2006.[1]
18 (Petition ¶2). Accordingly, Petitioner had until September 21, 2006 to seek to adjust his immigration
19 status. While Petitioner married within the 90 day period on July 12, 2006, he took no steps to adjust
20 his immigration status until July 10, 2008 when he filed a VAWA petition, (Petition ¶6), the same day
21 that Petitioner was taken into the custody of ICE. (Petition ¶11). Based upon these allegations and
22 the evidentiary record before the court, the court concludes that it lacks jurisdiction to entertain the
23 Petition because Petitioner failed to timely seek to adjust his status. As noted in Momeni

24  If a Visa Waiver Program entrant does not leave when the 90 days expires, life
    in the Untied States goes on. It may go on for many years before the alien comes to
25  the government's attention. There are legal means by which aliens may marry Untied
    States citizens, obtain visas, and obtain adjustment of status, but overstaying the 90
26  days for tourists in the Visa Waiver Program is not among them. If it were, our
    comment in Freeman that there are "likely to be a small percentage of VWP entrants
27

28  [1] Petitioner originally entered under the VWP on February 10, 2005. Petitioner crossed the United States Mexico border and obtained a second VWP admission on June 20, 2006.

in Mrs. Freeman's position" would not be correct.

We agree with the Tenth Circuit in <u>Schmitt v. Maurer</u>, 451 F3d. 1092 (10th Cir. 2006), that to allow an adjustment of status petition after the 90 days has expired would create an avoidable conflict between the adjustment of status statute and the no contest statute.

521 F.3d at 1096-97.

In sum, the court concludes that (1) Petitioner has not demonstrated any likelihood of success on the merits and (2) the court lacks subject matter jurisdiction to entertain the Petition. Consequently, the court denies the motion for a stay as Petitioner fails to make the requisite showing of success on the merits and dismisses the Petition for lack of subject matter jurisdiction.

**Humanitarian Stay**

Notwithstanding the above legal conclusions that Petitioner fails to establish the requisite likelihood of success on the merits and that the court lacks subject matter jurisdiction to entertain Petitioner's claims to adjustment of status, the court, pursuant to its inherent power, grants Petitioner a limited 20 day stay. <u>See</u> <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."). The stay is granted for the sole purpose to permit Petitioner and his counsel to obtain a stipulation and order from the Superior Court permitting him to remove his child to Italy. In the event of a contested state court hearing, Petitioner is advised that the court is unlikely to continue the stay beyond the 20 day period as a contested hearing could take many months or years to resolve.

**IT IS SO ORDERED.**

DATED: August 19, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties